## Stern's Petition.

*Election laws—Absent voters—Voting by mail—Act of May 22, 1923.*

1. The requirements of the Act of May 22, 1923, P. L. 309, relating to the formalities to be observed by voters absent from their lawfully designated election district when desiring to cast their ballots by mail, are mandatory, and every stipulation required by the act must be complied with if the vote is to be counted.

2. If a voter fails to swear to the certificate of qualification as required by sections 9 and 10 of the act, his ballot must be rejected.

3. If the voter fails to enclose and securely seal his ballot in the envelope on which is printed the words "Absent Voter's Ballot," as required by section 9 of the act, his ballot must be rejected.

Application to have ballots of absent voters counted. C. P. Dauphin Co., sitting as a Return Board.

WICKERSHAM, J., Sept. 28, 1923.—Application was made to us, sitting as a return board, by Virgil Stern, of the 1st Precinct of the 4th Ward of the City of Harrisburg; James E. Snyder, of Uniontown Borough, and William E. Buffington, of Elizabethville, they being absent upon the day of holding the Primary Election, to wit, Sept. 18, 1923, to have their ballots, deposited with the county commissioners, counted, under the provisions of the Act of the General Assembly of the Commonwealth of Pennsylvania, approved May 23, 1923. We rejected these ballots for the following reasons:

Section 1 of the act provides that duly qualified voters of the Commonwealth who, by reason of their duties, business or occupation, are unavoidably absent from their lawfully designated election district and outside of the county in which they are electors, but within the confines of the United States, on the day of holding any general, municipal or primary election, may vote by appearing before an officer, either within or without the Commonwealth, authorized to administer oaths, and mark their ballots under the scrutiny of such officer, as herein prescribed; such voter may vote only for such officers and upon such questions as he would be entitled to vote for or on had he presented himself in the district in which he had his legal residence. Section 2 provides that the voter may make application, not more than thirty days and not less than three days next preceding such an election, to the county commissioners of such county for a certificate of qualification and an official Absent Voter's Ballot. Section 3 prescribes the form of the certificate of qualification. Section 4 provides that the board of registration commissioners in cities of the first and second class shall certify to the county commissioners, upon request, any information that may be necessary for such county commissioners to properly fill out such certificate of qualification. Section 5 directs the county commissioners of the several counties to prepare and have printed . . . additional official ballots, to be known as Absent Voter's Ballots, and directs how they shall be prepared and printed. The section further provides: "There shall also be prepared three envelopes of such size and shape that will permit the placing one within the other; on the

Stern's Petition.

second shall be printed the certificate of qualification and the affidavit of the voter, together with the *jurat* of the official in whose presence the ballot is marked and before whom the affidavit is made, the forms to be substantially as herein provided; on the third shall be printed the name, official title and post-office address of the prothonotary or the county commissioners of the county in which such voter resides and to whom the return shall be made as hereinafter provided." Section 6 provides the form of application for an Absent Voter's Ballot. Section 7 requires the county commissioners, upon request, to send such Absent Voter's Ballot by mail, etc. Section 8 directs the method of sending the Absent Voter's Ballots to those requesting them.

Section 9 provides: "At any time after receiving such Absent Voter's Ballot, but within a sufficient time to permit the return of the marked ballot to the prothonotary or county commissioners of the county in which the voter's election district is situated, on or before the day of such election, the voter may appear before any officer, either within or without the Commonwealth, authorized to administer oaths, and mark such ballot under the scrutiny of such officer in the following manner: The voter shall first display the ballot to such officer as evidence that the same is unmarked, and shall then proceed to mark the ballot in the presence of such officer, but in such manner that such officer is unable to see how the same is marked, and then fold the ballot *and enclose and securely seal the same in the envelope on which is printed the words 'Absent Voter's Ballot;'* the envelope shall then be placed in the one on which is printed the certificate of qualification and the affidavit of the voter and the *jurat* of the officer before whom the voter appears, and such envelope sealed in like manner by the voter."

Section 10 provides the voter shall then make out, subscribe and swear to the affidavit printed on the face of such envelope, which, together with the *jurat* of such officer, shall be in the following form: . . .

Section 11 provides such ballot or ballots and envelopes shall then be securely sealed in the third envelope, which the voter shall send by registered mail to the prothonotary or county commissioners in sufficient time to reach its destination on or before the day such election is held. . . .

It will thus be observed that the legislature, in enacting this legislation, used every possible safeguard to prevent fraudulent votes. Every step in the proceeding is prescribed with scrupulous care and exactitude. We do not think the terms of this act are merely directory. We are convinced that they are mandatory, and that every stipulation required by the act of assembly must be complied with by the absent voter if he desires his vote to be counted. Where a voter fails to comply with every requirement of the act, the vote cannot be received and counted by the return board.

Examining, then, the three ballots in question, we find the ballot of William E. Buffington, of Elizabethville, to be defective, in that the absent voter failed to swear to the certificate of qualification contained on the outside of the second envelope, and for this reason it is hereby rejected. In the ballot offered by Virgil Stern, an examination shows that the absent voter failed to "enclose and securely seal the same in the envelope on which is printed the words 'Absent Voter's Ballot.' " Having failed to comply with this provision of the act, the ballot cannot be counted and is hereby rejected. In the matter of the ballot of James E. Snyder, of Uniontown Borough, we find the absent voter enclosed his ballot in the second envelope, but failed to "enclose and securely seal the same in the envelope on which is printed the words "Absent Voter's Ballot." For this reason, the ballot is rejected.

From Sidney E. Friedman, Harrisburg, Pa.